

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| VS. | § | CASE NO. 1:08-CR-143 |
| | § | |
| TYRONE LOUIS GILBERT | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this matter to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrates have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On February 5, 2009, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the Defendant, Tyrone Louis Gilbert on **Count I** of the charging **Indictment** filed in this cause. Count I of the Indictment charges that on or about the 25th day of April, 2008, in the Eastern District of Texas, Tyrone Louis Gilbert did knowingly and unlawfully receive a firearm, to-wit: a Mossberg Model 500A 12 gauge shotgun, bearing serial

1

number R643312, which had been shipped and transported in interstate commerce, while he was under indictment for a crime punishable by imprisonment for a term exceeding one year, to wit: murder, in Jefferson County Texas, all in violation of Title 18, United States Code, Section 922(n).

Defendant, Tyrone Louis Gilbert, entered a plea of guilty to Count I of the Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b. That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

c. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

d. That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and

Defendant realizes that his conduct falls within the definition of the crime charged under 18 U.S.C. § 922(n).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government presented the following evidence, which was admitted into the record at the plea hearing. *See Factual Basis and Stipulation*. The Government and the Defendant agreed that if this case were to proceed to trial, the Government would prove that Defendant is one and the same person charged in the Indictment and that the events described in the Indictment occurred in the Eastern District of Texas. The Government would also prove each essential element of the charged offense beyond a reasonable doubt through the testimony of witnesses, including expert witnesses, and through admissible exhibits.

Specifically, the Government would prove that On December 20, 2007, Tyrone Louis Gilbert was indicted in Jefferson County, Texas, for the crime of murder, case number 07-2528. That charge was a first degree felony, carrying a maximum punishment exceeding one year in prison. Gilbert was arrested, arraigned and appeared before a judge on that charge in December, 2007.

On April 25, 2008, that indictment was pending and Gilbert remained awaiting trial on that charge Also on April 25, 2008, Port Arthur police officers conducted a search of a vehicle registered to Gilbert and discovered therein a 12 gauge Mossberg pump action shotgun, Model 500A, serial number R643312. The shotgun was located on the rear seat, in plain view.

Gilbert admitted to officers that he had received the shotgun the night before, and placed

3

it in the vehicle.

Jacob Balance would testify that he had purchased the firearm in Indiana, but, needing money, he sold it through a third party. Balance gave the shotgun to the third party on April 23, 2008, for the third party to sell.

Special Agent Larry D. Sanders of the Bureau of Alcohol, Tobacco, and Explosives would testify that the above-listed Mossberg shotgun was a firearm under federal law, it operated as designed, and was not made in the State of Texas. It therefore had to have traveled in interstate commerce in order to have been found in the State of Texas.

Defendant, Tyrone Louis Gilbert, agreed with the facts set forth by the Government and signed the *Factual Basis*. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count I** of the charging **Indictment** on file in this criminal proceeding. The Court also recommends that the District Court conditionally accept the plea

agreement.[1] Accordingly, it is further recommended that, Defendant, Tyrone Louis Gilbert, be finally adjudged as guilty of the charged offense under Title 18, United States Code, Section 922(n).

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B). If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less

---

[1] "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

favorable to Defendant than that contemplated by the plea agreement. Defendant has the right to allocute before the District Court before imposition of sentence.

## OBJECTIONS

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 9th day of February, 2009.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE